# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANTONIO VERNON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 568 |
| ) | |
| **CBS TELEVISION STUDIOS**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On February 16, 2017 this Court entered an order based on its extended in-court oral statement on that day, as summarized in this minute entry (Dkt. No. 41):

> For the reasons explained at length in the Court's oral statement, plaintiff's application for leave to proceed in forma pauperis [Dkt. No. 37], plaintiff's motion for attorney representation [Dkt. No. 38] and plaintiff's motion to file a proposed second amended complaint [Dkt. No. 35] are all denied. Again for the reasons explained by the court orally, if plaintiff fails to file, before 3/28/2017 a proposed third amended complaint (designation as such solely to avoid confusion with the proposed second amended complaint) that complies reasonably with the requirements of Fed. R. Civ. P. 8(a), this action will be dismissed for want of prosecution.

Although that target date was extended twice (the last time to July 19), this Court's unanticipated falling victim to severe spinal stenosis that required surgery, followed by a post-surgery rehabilitation process that is still under way, caused it to vacate that last-set status hearing date (see Dkt. No. 44).

None of those delays, however, justifies the protracted failure of plaintiff Antonio Vernon ("Vernon") or his counsel to present their proposed third amended complaint.[1]  Accordingly, as forecast in Dkt. No. 41, this action is dismissed for want of prosecution.  If Vernon or his counsel wishes to undo the effect of that dismissal, Fed. R. Civ. P. 59(e) permits the filing of a motion to alter or amend the judgment no later than 28 days after today's entry.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 28, 2017

---

[1] Indeed, Vernon originally filed this action in the Central District of California back in October 2016, then successfully moved for its transfer to this District Court in a November 2 request (Dkt. No. 14).  That transfer was implemented on January 25 of this year.  Thus Vernon's delay referred to in the text is only a portion of his inaction that supports this order of dismissal for want of prosecution.