**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTONIO VERNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 568 |
| ) | |
| CBS TELEVISION STUDIOS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Antonio Vernon filed a *pro se* lawsuit in the Central District of California. The judge in that district granted Vernon's request to transfer the case to this district, which is where Vernon resides. The judge to whom the case was previously assigned advised Vernon that his second amended complaint was deficient and ruled that if Vernon did not file a proposed third amended complaint that complied with Federal Rule of Civil Procedure 8, he would dismiss the case for want of prosecution. That same judge dismissed the case for want of prosecution shortly before retiring from the bench. Vernon then filed a timely motion seeking reconsideration of the order and reinstatement of the case, stating that he had been advised that he understood, based on communications with personnel working for the judge, that everything was on hold due to the judge's absence. Vernon has submitted a proposed third amended complaint. The Court has reviewed it to determine whether to reinstate the case.

Vernon has sued CBS Corp., CBS Television Studios, ABC Studios, Walt Disney Co., a representative of Lighthouse Management & Media, Dare to Pass, Yahoo! Inc.,

three representatives of William Morris Endeavor Entertainment, a representative of United Talent Agency, Cinema Gypsy, the actor Laurence Fishburne, and several other defendants. All of the defendants are located in southern California except for one that is located in Nevada.

The gist of Vernon's third amended complaint is that he developed the concept and a synopsis for a dramatic television series called *Cyber Police*, involving "a cybercrime fighting specialist unit of a crime fighting agency," 3rd Am. Compl. ¶ 51, and later wrote and submitted to the Copyright Office scripts for several episodes. He also submitted some or all of these materials to Cinema Gypsy, identified as Fishburne's production company. He says that the defendants produced television series, including *CSI: Cyber*, *Intelligence*, *Criminal Minds: Beyond Borders*, *Cybergeddon*, and *Rewind*, that allegedly adopted the same or similar concepts and used similar character and plot elements as *Cyber Police*.

Vernon has sued the defendants for breach of alleged implied-in-fact and implied-in-law contracts, copyright infringement, false designation of origin, "tortious interference for source misrepresentation," and "third party interference with a contract." He seeks to recover "a financial accounting-based remedy in the $500 million to $ multi-billion order of magnitude." 3rd Am. Compl. ¶ 245.

Vernon's third amended complaint suffers from many of the same deficiencies as the earlier version that the previously assigned judge dismissed. In particular, it does not include a "short and plain statement" of his claim, Fed. R. Civ. P. 8(a)(2), and it does not adequately explain what each defendant did that was wrong. But there are far more significant problems. First of all, Vernon's allegations regarding the submission of his

2

materials to certain defendants—which is basically all he alleges—do not come close to giving rise to a contract implied in fact or law.  A contract implied in fact is one in which a contractual duty is imposed "by a promissory expression which may be inferred from the facts and circumstances and the expression on the part of the promisor which show an intention to be bound."  *Marcatante v. City of Chicago*, 657 F.3d 433, 440 (7th Cir. 2011) (internal quotation marks omitted).  Vernon alleges nothing suggesting any intention on the part of any of the defendants to be bound to him in any way.  A contract implied in law is one where there is no actual agreement, but a duty is imposed to prevent unjust enrichment.  *See, e.g., Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.3d 732, 743 (7th Cir. 1990).  Vernon's allegations do not come close to stating a viable claim along these lines; the elements that he says defendants took from *Cyber Police* (allegations whose truth the Court assumes, but does not find, for present purposes) are far too general to give rise to a claim the defendants were unjustly enriched at his expense.  Second, Vernon's copyright-based claims are deficient.  For most of the defendants he has not even alleged access to his copyrighted materials, and for all of them, the general similarities he notes between *Cyber Police* and the defendants' shows are too general to permit an inference of substantial similarity.  *See generally Tillman v. New Line Cinema*, 295 F. App'x 840, 842-43 (7th Cir. 2008).  Third, for the same reasons, Vernon's "source misrepresentation" claims are deficient.  And finally, because he has no viable contract–based claims, Vernon's claims for tortious interference with contract fail.

## Conclusion

For the reasons stated above, though the Court does not adopt the previously-

assigned judge's finding of want of prosecution, the Court denies Vernon's motion for reconsideration and reinstatement [dkt. nos. 48 & 52], because he has not submitted a viable third amended complaint, and there is no basis to believe he could do so if given another opportunity. The Court therefore declines to vacate the judgment.

Date: October 16, 2017

_____
MATTHEW F. KENNELLY
United States District Judge